IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                         No. Civ. 06-0400 LH/ACT

5112 LIPIZZAN PLACE,
RANCHO CUCAMONGA, CA 91737,

       Defendant,

and

BIRDIE CRUMMIE, TRACY A. HAYNES, SR.,
FIRST FEDERAL BANK OF CALIFORNIA, WELLS FARGO,
INGRID D. PHILLIPS, ANTHONY DEWAYNE HASSON,
and GERMEEN MICHAEL HASSON.

       Claimants.

**MEMORANDUM OPINION AND ORDER**

On August 23, 2006, Claimant Tracy A. Haynes ("Claimant Haynes") filed a "Motion (1) to Change Venue and (2) to Dismiss for Failure to State a Claim upon which Relief can be Granted" (Doc. No. 27) as well as a "Request for Judicial Notice in Support of Claimant Tracy A. Haynes' Motion to (1) Change Venue and (2) to Dismiss for Failure to State a Claim upon which Relief can be Granted" (Doc. No. 30). On September 6, 2006, Plaintiff United States of America ("Plaintiff" or "the United States") filed a response in opposition to Claimant Haynes' motions (Doc. No. 33) as well as a "Motion for Default as to Tracy A. Haynes Judgment and Memorandum Brief in Support" (Doc. No. 32). The Court, having considered the briefs, pleadings, and applicable law, finds that Plaintiff's motion for default and Claimant Haynes'

motion to dismiss should be denied. Claimant Haynes' request for judicial notice should be denied in part and granted in part.

**I.     BACKGROUND**

On July 26, 2005, a federal grand jury sitting in the District of New Mexico returned a three-count Indictment against a number of defendants, including Anthony Dewayne Hasson and Germeen Michael Hasson, for conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and conspiracy to launder money in violation of 18 U.S.C. § 1956(h) from January 1999 through July 2005. *See United States v. Anthony Hasson, et al.*, CR No. 05-1599 MCA (D.N.M.), Indictment (Doc. No. 1). Count 2 of the Indictment charged Anthony Hasson and his brother, Keith Alan Hasson, with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. *See id.* The Indictment also contained a criminal forfeiture allegation brought under 21 U.S.C. § 853 and 18 U.S.C. § 982 for a money judgment, various bank accounts, and certain real property, including the property at issue here. *See id.*

The United States filed a Lis Pendens against 5112 Lipizzan Place, Rancho Cucamonga, CA 91737 ("the Property"), which was recorded in the County of San Bernardino on July 28, 2005. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss (Doc. No. 33), Attachment 1. On May 11, 2006, the United States filed a Verified Complaint for Forfeiture *In Rem* (Doc. No. 1) against the Property under 21 U.S.C. § 881(a)(6) & (7) and 18 U.S.C. § 981(a)(1)(A). The Verified Complaint lists Claimant Haynes among the persons who may claim an interest in the Property. Verified Compl. ¶ 5(b). The Verified Complaint alleges that Anthony Hasson was in the business of multi-state drug trafficking from January 1999 through July 2005. *See id.* ¶¶ 8-17. The Verified Complaint also asserts that Germeen Hasson, Anthony Hasson's wife, assisted in

the drug trafficking business by laundering the drug proceeds and that she used drug proceed money to invest in real property, including the Property at issue here. *Id.* ¶ 17. The Verified Complaint further states that the Property "was acquired with proceeds generated by illegal drug trafficking," *id.* ¶ 18, and that the Property was used to store bulk currency on numerous occasions and to redistribute currency to others in the organization, *id.* ¶ 19. According to the Verified Complaint, a search of the Property on July 27, 2005, revealed a secret room with an open, empty safe and a heat sealer and plastic packaging material on top of the safe, which were similar to items described to agents during their investigation as well as to those seized during a bulk cash seizure from Anthony Hasson. *Id.* ¶ 20. Finally, the Verified Complaint alleges that Claimant Haynes was not a bona fide purchaser for value of the Property and that he knew or had reasonable cause to believe that the Property was subject to forfeiture. *Id.* ¶¶ 21-22.

The United States served a summons and complaint in this forfeiture action on Claimant Haynes on July 13, 2006. *See* Return of Service (Doc. No. 25). On August 23, 2006, Claimant Haynes filed a motion to dismiss and for change of venue (Doc. No. 27), a declaration in support of the motion (Doc. No. 29), and a request for judicial notice in support of the motion (Doc. No. 30). The record does not reflect that Claimant Haynes has ever filed in this case a verified statement identifying an interest or right in the Property or an answer.

The United States asserts that counsel for Claimant Haynes, Brett Rubin, contacted counsel for the United States, Stephen Kotz, and asked for additional time to acquire local counsel and to file a verified claim and answer to the complaint. Stephen Kotz states that he agreed to two requested extensions, but that Claimant Haynes chose not to file a verified statement and answer, but rather a motion to dismiss. Plaintiff then filed a response to the

3

motion to dismiss and to change venue (Doc. No. 33) (hereinafter "Plaintiff's Response") and a motion for default judgment as to Claimant Haynes (Doc. No. 32).  Claimant Haynes did not file a reply in support of his motion or a response to Plaintiff's motion for default judgment and the time to file such briefs has run.

## II.     STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The Court may not dismiss a cause of action under Rule 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief.  *See, e.g., H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## III.    DISCUSSION

### A.     Motion for Default

Plaintiff contends that Claimant Haynes failed to file a verified claim and answer in accordance with 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule for Certain Admiralty and Maritime Claims C(6)(a).  Plaintiff contends that filing a verified statement of interest is necessary to establish statutory standing and that a motion to dismiss is not a substitute for a

verified statement.    Plaintiff thus argues that Claimant Haynes' failure to file a verified statement of interest and answer entitle Plaintiff to a default judgment that forfeits any right, title, and interest of Claimant Haynes in the Property.

### 1.    Standing

A forfeiture claimant must meet both Article III and statutory standing requirements before he may contest a forfeiture.  *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003).  To show Article III standing, a claimant must show an interest in the property sufficient to create a "case or controversy."  *Id.* (quoting *United States v. Contents of Accounts Nos. 3034504504 & 14407143 (In re Friko Corp.)*, 971 F.2d 974, 984 (3d Cir. 1992)).[1]  A claimant establishes statutory standing by filing a verified statement of claim under Supplemental Rule C(6).  *Id.*

Congress set forth the general rules governing civil forfeiture proceedings in 18 U.S.C. § 983.  Section 983(a)(4)(A) provides:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint . . . .

Section 983(a)(4)(B) states that a person asserting an interest in seized property "shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the

---

[1]A claimant's burden under Article III is not a heavy one; the claimant only needs to demonstrate a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake.  *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004).  Plaintiff in this case has not contested Claimant Haynes' Article III standing.

filing of the claim."

Supplemental Rule C(6)(a) sets forth the procedures governing responsive pleadings for *in rem* civil forfeiture actions for violation of a federal statute. Fed. R. Civ. P. C(6)(a). A person who asserts an interest or right against the property that is the subject of the action must file a verified statement identifying the interest or right within 30 days of the date of service of the United States' complaint or within the time that the court allows. Fed. R. Civ. P. C(6)(a)(i). "[A] person who files a statement of interest in or right against the property must serve and file an answer within 20 days after filing the statement." Fed. R. Civ. P. C(6)(a)(iii).

Filing a verified statement of interest is essential to establish statutory standing in forfeiture actions. *United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 597-98 (7th Cir. 2000); *United States v. $31,852.38 in United States Currency*, 183 Fed. Appx. 237, 240 2006 WL 1538809 (3d Cir. June 6, 2006) (unpublished decision). Verification of the statement is necessary to minimize the danger of false claims, because verification forces the claimant to put himself at risk of perjury for false claims. *See Commodity Account*, 219 F.3d at 597 (7th Cir. 2000); *United States v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1318 (10th Cir. 1994). Strict compliance with Supplemental Rule C(6) is generally required in the absence of special circumstances. *Commodity Account*, 219 F.3d at 598.

Nonetheless, a number of courts have found special circumstances justifying departure from the general rule. *See*, *e.g.*, *United States v. One Urban Lot Located at 1 Street A-1*, 885 F.2d 994, 999-1000 (1st Cir. 1989). In *One Urban Lot*, the First Circuit held: "where the claimant timely filed a *verified* answer containing all the information required in the claim, the answer may be deemed to have fulfilled the function of a claim in terms of establishing the

owner's standing." *Id.* at 999.  The First Circuit indicated that a court can depart from strict compliance with the verified statement requirement where a claimant files a verified pleading that contains all the information that would be required in a verified statement and where the deviation would not thwart the goals underlying verification of the claim.  *See id.* at 999-1001. "Those goals are to force claimants to come forward as soon as possible after forfeiture proceedings have begun and to prevent false claims."  *Id.* at 1001.  *See also 51 Pieces*, 17 F.3d at 1318.

In this case, the United States granted Claimant Haynes' request for an extension to file a verified statement and answer on two occasions.  Claimant Haynes responded, however, not by filing a separate verified statement and answer, but rather by filing a motion to dismiss and a declaration in support thereof.  Because Claimant Haynes does not have statutory standing to contest a forfeiture until he has filed a verified statement, the Court must determine whether the motion to dismiss and the declaration were the effective equivalent of a verified statement.  The Court finds that the facts of this case, unlike in the cases cited by Plaintiff, create the kind of special circumstances to forego strict compliance with Rule C(6) and to find statutory standing.

Accompanying Claimant Haynes' motion to dismiss is a Declaration of Claimant Haynes in which he declared "under penalty of perjury" that he is the current owner of title of the Property, that he entered into an All Inclusive Trust Deed with Birdie Crummie for the Property, that he made a down payment on the Property, that he recorded the grant deed to the Property, and that he is in possession of the Property.  By filing such a declaration, Claimant Haynes placed himself under risk of perjury for false claims.  The Court thus finds that the Declaration was "verified" within the meaning of Rule C(6)(a)(i).  Additionally, the declaration effectively

7

identified Claimant Haynes' interest or right in the Property.  *See* Fed. R. Civ. P. C(6)(a) ("a person . . . must file a verified statement identifying the interest or right").  The declaration and motion to dismiss therefore included all the information required in a verified statement.  Finally, the goals underlying the verified statement rule would not be thwarted in this case because Claimant Haynes did come forward shortly after service of the Verified Complaint, and Claimant Haynes did assert an ownership interest in the property "under penalty of perjury."  *Cf. One Urban Lot*, 885 F.2d at 1001.  Moreover, the United States has not shown any prejudice that would result from construing Claimant Haynes' declaration as a verified statement.  Accordingly, the declaration functioned as a verified statement sufficient to convey statutory standing on Claimant Haynes.  *See id.* at 999-1000 (holding that where claimant timely filed verified answer containing all information required in claim, answer was deemed to have fulfilled function of claim in terms of establishing owner's standing); *United States v. 33 Prospect Street, Baldwinville, Mass.*, 2006 WL 3544984, *3-5 (D. Mass. Dec. 8, 2006) (unpublished decision) (answer, which stated that claimants had interest in defendant property, together with verification document would be treated as verified claim such that government's motion to strike answer and for entry of default would be denied); *United States v. $4,629.00 in U.S. Currency*, 359 F.Supp.2d 504, 507 (W.D. Va. 2005) (court construed *pro se* claimant's memorandum of law in support of his motion to contest forfeiture, which stated his claim that currency was earned during his employment and asserted various defenses, as verified statement and answer).

      **2.**    **Motion to Dismiss in Lieu of Answer**

Plaintiff also asserts it is entitled to a default against Claimant Haynes because Claimant Haynes filed a motion to dismiss instead of an answer.  The Court disagrees.

Although Supplemental Rule C(6) does not provide for filing a motion to dismiss in lieu of an answer, Rule A states that the "general Rules of Civil Procedure for the United States District Courts are also applicable to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules." Fed. R. Civ. P. A. Parties to civil forfeiture proceedings are thus servants of two procedural masters: the Supplemental Rules and the Federal Rules of Civil Procedure. *$8,221,877.16*, 330 F.3d at 149. The Federal Rules of Civil Procedure apply to forfeiture proceedings, but only to the extent that they are not inconsistent with the Supplemental Rules. *Id.*

Federal Rule of Civil Procedure 12(b) permits a party to file a motion to dismiss for improper venue or for failure to state a claim in lieu of filing an answer. Once the motion is denied, the party must serve an answer within 10 days after notice of the court's action. Fed. R. Civ. P. 12(a)(4)(A). Rule 12(a)(4) is not incompatible or inconsistent with Supplemental Rule C(6). *$8,221,877.16*, 330 F.3d at 153. *See also United States v. 904 Toro Canyon Road, Santa Barbara, Cal.*, 2006 WL 36764, *3-4 (D. Colo. Jan. 5, 2006) (unpublished decision) (evaluating claimants' motion to dismiss in forfeiture action after holding that filing motion to dismiss in lieu of answer was not inconsistent with Supplemental Rule C(6)'s pleading procedure). As the Third Circuit clarified:

> Just as a civil defendant may respond to a complaint with a motion to dismiss, and must then file an answer within ten days after the court disposes of that motion, a forfeiture claimant may, after being served with a complaint and filing a verified claim, respond to a forfeiture complaint by filing a motion to dismiss; the claimant must then serve an answer within ten days after the court disposes of that motion.

*$8,221,877.16*, 330 F.3d at 153.

For the foregoing reasons, the Court concludes that Claimant Haynes could properly file a

motion to dismiss in lieu of an answer and that Claimant Haynes need not serve an answer until within ten days after the Court disposes of its motion to dismiss. Plaintiff's motion for default judgment against Claimant Haynes should therefore be denied. The Court will thus consider Claimant Haynes' motion to dismiss.

### B. Motion to Dismiss

Claimant Haynes argues that Plaintiff's Verified Complaint must be dismissed because it failed to plead (1) that the true owners of the Property had knowledge of, or gave consent to, any acts committed by Anthony Hasson that would support forfeiture, and (2) that Anthony Hasson is not, and never has been, an owner of the Property. Claimant Haynes asserts that Plaintiff should be required to plead and prove that a specific individual acquired the Property on the criminal defendants' behalf. Claimant Haynes also urges the Court to take judicial notice of a Preliminary Title Report on the Property, which allegedly reveals that neither Anthony Hasson nor any of the individuals described in the Indictment have been record owners of the Property from 1999 through the present. Claimant contends the Verified Complaint must be dismissed because Plaintiff cannot truthfully allege or prove that the Property was ever acquired by the criminal defendants, and thus, cannot plead or prove that the Property was acquired with the criminal defendants' illegal drug proceeds. Before considering the merits of the motion to dismiss, the Court must first determine the propriety of considering the title record.

### 1. Judicial Notice

In his request for judicial notice, Claimant Haynes asks the Court to take judicial notice of three documents: (1) the Preliminary Title Report of the Property, (2) the notice of removal removing Claimant Haynes' case against First Federal Bank of California from San Bernardino

County Superior Court to the United States District Court for the Central District of California, and (3) the Certification and Notice of Interested Parties filed in the California case. Plaintiff objects to the request, arguing that the documents are not amenable to or appropriate for judicial notice.

A court may consider on a motion to dismiss a document not attached to the complaint when the complaint refers to the document and the document is central to Plaintiff's claim. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The district court, however, has discretion whether to consider such materials. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999). Moreover, a court may, on a motion to dismiss, take judicial notice of matters of public record outside the pleadings. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Under Federal Rule of Evidence 201, a court may take judicial notice of a fact that is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

With respect to the title record, the Verified Complaint does not refer to it. Nor is the title record central to Plaintiff's forfeiture claim. Plaintiff asserts that the drug traffickers used straw owners to acquire and hold the Property. The title record thus would not necessarily reflect the names of the drug traffickers as owners of the Property. That Anthony Hasson, or any other criminal defendant, was never an owner of the Property is therefore not capable of accurate and ready determination from the title record. The Court therefore declines to take judicial notice as to whether a particular person owned the Property based on the contents of the title record and

finds it inappropriate to consider the title record on Claimant Haynes' motion to dismiss.

Claimant Haynes also asks the Court to take judicial notice of two documents from his California case against First Federal Bank of California. As an initial matter, it is unclear to what Claimant Haynes wants the Court to give judicial notice regarding these documents – the fact that the documents were filed or to facts contained in the documents. The Court can take judicial notice of the fact that the documents were filed, because the filing is a matter of public record. *See Henson*, 29 F.3d at 284. To the extent Claimant Haynes merely asks the Court to take judicial notice that there is a pending federal case between him and First Federal Bank of California in the Central District of California, the Court will take judicial notice of that fact. That fact, however, is not relevant to the motion to dismiss, and the Court will only consider it to the extent it is relevant to the motion for change of venue. Furthermore, as to any purported facts contained within the documents, the Court declines to take judicial notice because Claimant Haynes has not supplied the Court with the necessary information to determine if the facts are the kind susceptible to judicial notice. *See*, *e.g.*, *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 n.6 (7th Cir. 1996) (noting that "admissions" in joint status report are not proper matters for judicial notice). Accordingly, in ruling on the motion to dismiss, the Court will limit itself to the allegations of the Verified Complaint.

### 2.      **Failure to State a Claim**

In a civil forfeiture suit, the Government has the initial burden to establish by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1); *United States v. Lot Numbered One (1) of Lavaland Annex*, 256 F.3d 949, 956 (10th Cir. 2001). If the Government's theory of forfeiture is that the property was used to commit or facilitate the

commission of a criminal offense, or was involved in the commission of a criminal offense, the Government must also prove that there was a substantial connection between the property and the offense.  18 U.S.C. § 983(c)(3).  Once the Government has met its burden, the claimant then has the burden of proving that he is an innocent owner by a preponderance of the evidence.  *See id.* § 983(d)(1); *United States v. 16328 South 43rd East Ave.*, 275 F.3d 1281, 1284-85 (10th Cir. 2002) (describing innocent owner defense as an affirmative defense); *Lot Numbered One*, 256 F.3d at 956.  Where the claimant acquired the property interest after the conduct giving rise to the forfeiture has taken place, the claimant must show that, at the time he acquired the property, (1) he was a bona fide purchaser or seller for value, and (2) he did not know and was reasonably without cause to believe that the property was subject to forfeiture.  18 U.S.C. § 983(d)(3)(A).

      Based on these forfeiture provisions, to state a claim, the Government need only allege sufficient facts to establish that the property was subject to forfeiture and, if applicable, that there was a substantial connection between the property and the offense.  Contrary to Claimant Haynes' argument, the Government does not need to plead that the true owners had knowledge of or gave consent to the criminal acts or that a specific individual in the title chain acquired the property on the criminal defendants' behalf.  It is Claimant Haynes' burden to prove the innocent owner defense.

      The Court finds that the Verified Complaint states a claim that the Property was subject to forfeiture under 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A), and 21 U.S.C. § 881(a)(7) and that there was a substantial connection between the property and the offense.  Under 21 U.S.C. § 881(a)(6), property is forfeitable if it constitutes proceeds traceable to an exchange for a controlled substance.  Section 981(a)(1)(A) of Title 18 of the United States Code states that

property is subject to forfeiture if it was "involved in a transaction or attempted transaction in violation of" 18 U.S.C. § 1956 or § 1957.[2]  According to 21 U.S.C. § 881(a)(7), property is subject to forfeiture if it was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment."

The Verified Complaint alleges that Anthony Hasson engaged in drug trafficking crimes and that Germeen Hasson, his wife, assisted in the drug trafficking business by laundering the drug proceeds.  Among other things, the Verified Complaint alleges that she invested in the Property in an effort to disguise the nature, source, location, ownership, and control of the drug proceeds.  The Verified Complaint specifically states that the defendant property was acquired with proceeds generated by illegal drug trafficking.  Additionally, the Verified Complaint alleges that the Property was used to facilitate the Hassons' drug trafficking crimes.  Bulk currency was delivered to the Property, and the Property was used to store bulk currency and to redistribute it to other individuals within the criminal organization.  The Property also contained a safe and a heat sealer and plastic packaging similar to items described to agents during the investigation as well as to items seized during a bulk cash seizure from Anthony Hasson.  These allegations are sufficient to state a claim that the Property was subject to forfeiture under the specified forfeiture statutes and that there was a substantial connection between the Property and the Hassons' drug trafficking and money laundering crimes.  Accordingly, Claimant Haynes' motion to dismiss for failure to state a claim is without merit and should be denied.

---

[2]Section 1956 makes it a crime to launder proceeds from some form of unlawful activity. *See* 18 U.S.C. § 1956.  Section 1957 criminalizes engaging in monetary transactions in property derived from specified unlawful activity.  *See id.* § 1957.

### 3. Venue

Claimant Haynes also moves the Court to transfer the case to the Central District of California for two reasons: (1) because a defendant owning the Property was not found in New Mexico, and thus, New Mexico is not a proper venue, and (2) for the convenience of the parties and witnesses and in the interests of justice.

#### a. Venue is Proper in this District

Congress expressly provided that forfeiture actions may be brought in the district court for the district in which "any of the acts or omissions giving rise to the forfeiture occurred" or in any other district where venue for the forfeiture action is specifically provided for in 28 U.S.C. § 1395 "or any other statute." 28 U.S.C. § 1355(b)(1)(A) & (B). Section 1395 also provides for venue for civil forfeiture actions "in the district where it accrues or the defendant is found." 28 U.S.C. § 1395(a). Both 18 U.S.C. § 981(h) and 21 U.S.C. § 881(j) provide that, in addition to the venue provided for in 28 U.S.C. § 1395, forfeiture actions brought under 18 U.S.C. § 981 and under 21 U.S.C. § 881, respectively, "may be brought in the judicial district in which the defendant owning such property is found *or in the judicial district in which the criminal prosecution is brought*." Emphasis added.

In this case, the United States brought the criminal prosecution underlying the forfeiture in the District of New Mexico. Moreover, the Verified Complaint alleges that the criminal defendant Anthony Hasson could be found at the Torrance County Detention Center in New Mexico. Verified Compl. ¶ 5(f). Based on the aforementioned venue statutes, venue is therefore proper in the District of New Mexico.

#### b. Transfer is not Appropriate in this Case

15

Finally, Claimant Haynes contends that the Court should transfer this case to the Central District of California for the convenience of the parties and witnesses and in the interest of justice.[3]  28 U.S.C. § 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The decision to transfer a case resides in the district court in which the case was originally brought and should be considered on an individualized, case-by-case basis.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The party moving to transfer the case has the burden of proving that the existing forum is inconvenient.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  The district court should consider a number of case-specific factors, including the following:  the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof; the cost of making the necessary proof; questions as to the enforceability of a judgment, if one is obtained; the relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of conflict of law issues; the advantage of having a local court determine questions of local law; and all other practical considerations that make a trial easy, expeditious, and economical.  *See id.* (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).  Plaintiff's choice of forum should be given considerable weight.

---

[3]Plaintiff argues that a motion for change of venue may not be brought prior to filing a responsive answer.  Plaintiff cites no authority for this proposition.  The authority the Court found suggests that a motion for change of venue may be brought prior to filing an answer.  *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) ("An action may be transferred under § 1404(a) at any time during the pendency of the case, even after judgment has been entered."); 17 Moore's Federal Practice § 111.17 (3d ed. 2006) (motion to transfer venue should be made before or with defendant's answer, if grounds for supporting motion are known from start).  The Court will thus consider the motion at this time.

16

*Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). Unless the balance is strongly in favor of the moving party, the plaintiff's choice of forum should rarely be disturbed. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

Although it is undisputed that venue would also be proper in the Central District of California, the Court, after balancing the appropriate factors, finds that the convenience of the parties and witnesses and the interests of justice weigh in favor of retaining venue in New Mexico. The criminal prosecution underlying the forfeiture action was brought in the District of New Mexico; much of the evidence is located in New Mexico; and the law enforcement witnesses that will prove the substance of the forfeiture allegations are located mainly in New Mexico and St. Louis. Although Claimant Haynes and other potential witnesses reside in California, Claimant Haynes has not shown such inconvenience to the witnesses that would compel transferring the case to California. For example, Birdie Crummie appears to no longer reside in the Central District of California, and the First Federal Bank of California has already reached an expedited settlement agreement with Plaintiff that has been approved by this Court and has not asserted any hardship in litigating the case in New Mexico. Moreover, Claimant Haynes' federal case against First Federal Bank of California is not sufficiently related to this forfeiture action such that transferring this case to the Central District of California would eliminate any duplicative testimony. Nor has Claimant Haynes shown that there are any specific conflict of laws issues that might arise. Although Claimant Haynes may be inconvenienced in litigating this action in New Mexico, Plaintiff would be similarly inconvenienced in transferring this case to California when much of the evidence and numerous witnesses are located here.

Merely shifting the inconvenience from one side to the other is not a permissible justification for changing venue. *Scheidt*, 956 F.2d at 966. Because Claimant Haynes has not demonstrated that the convenience to the parties and witnesses and the interests of justice weigh in favor of transfer, the Court will not disturb Plaintiff's choice of forum. Accordingly, Claimant Haynes' motion to transfer venue should be denied.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Default as to Tracy A. Haynes Judgment and Memorandum Brief in Support (Doc. No. 32) is **DENIED**;

2. Claimant Haynes' Request for Judicial Notice in Support of Claimant Tracy A. Haynes' Motion (1) to Change Venue and (2) to Dismiss for Failure to State a Claim upon which Relief can be Granted (Doc. No. 30) is **DENIED** in all respects except as to the fact that there is a pending federal case between Claimant Haynes and First Federal Bank of California in the Central District of California; and

3. Claimant Haynes' Motion (1) to Change Venue and (2) to Dismiss for Failure to State a Claim upon which Relief can be Granted (Doc. No. 27) is **DENIED** in its entirety.

_____
SENIOR UNITED STATES DISTRICT JUDGE