# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                          No. Civ. 06-0400 LH/ACT

5112 LIPIZZAN PLACE,
RANCHO CUCAMONGA, CA 91737,

       Defendant,

and

BIRDIE CRUMMIE, TRACY A. HAYNES, SR.,
FIRST FEDERAL BANK OF CALIFORNIA, WELLS FARGO,
INGRID D. PHILLIPS, ANTHONY DEWAYNE HASSON,
and GERMEEN MICHAEL HASSON.

       Claimants.

## MEMORANDUM OPINION AND ORDER

On June 15, 2007, Claimant Tracy A. Haynes ("Claimant Haynes") filed a "Notice of Motion and Motion to Set Aside Default Judgment [FRCP 60]" (Doc. 44, electronically filed on June 18, 2007). On June 29, 2007, Plaintiff United States of America ("Plaintiff" or "the United States") filed a response in opposition to Claimant Haynes' motion (Doc. 49) as well as a "Motion for Final Judgment and Order of Forfeiture" (Doc. 50). The Court, having considered the briefs, pleadings, and applicable law, concludes that Claimant Haynes' motion to set aside the default judgment should be denied and the United States' motion for final judgment should be granted.

## I. BACKGROUND

On July 26, 2005, a federal grand jury sitting in the District of New Mexico returned a three-count Indictment against a number of defendants. The Indictment also contained a criminal

forfeiture allegation brought under 21 U.S.C. § 853 and 18 U.S.C. § 982 for a money judgment, various bank accounts, and certain real property, including the property at issue here, 5112 Lipizzan Place, Rancho Cucamonga, CA 91737 ("the Property").

The United States subsequently filed a Verified Complaint for Forfeiture *In Rem* (Doc. 1) against the Property under 21 U.S.C. § 881(a)(6) & (7) and 18 U.S.C. § 981(a)(1)(A). The Verified Complaint lists Claimant Haynes among the persons who may claim an interest in the Property. Verified Compl. ¶ 5(b). After the United States served a summons and complaint on Claimant Haynes, he filed a motion to dismiss and for change of venue (Doc. 27) and a declaration in support of the motion (Doc. 29). The United States then filed its first motion for default judgment as to Claimant Haynes (Doc. 32) based on Claimant Haynes' failure to file a verified claim and answer.

On February 26, 2007, the Court entered a Memorandum Opinion and Order (Doc. 40), which among other things, denied the United States' first motion for default judgment. The Court concluded that the declaration filed by Claimant Haynes functioned as a verified statement sufficient to convey statutory standing on Claimant Haynes. Mem. Op. and Order (Doc. 40) at 8. The Court also determined that Claimant Haynes could properly file a motion to dismiss in lieu of an answer. *See id.* at 8-10. The Court noted, however, that Claimant Haynes would need to serve an answer within 10 days after the Court disposed of its motion to dismiss. *Id.* at 9-10. Claimant Haynes, however, did not file or serve an answer within 10 days of the entry of the Court's order.

On April 3, 2007, the United States filed a Second Motion for Default Judgment as to Claimant Haynes (Doc. 41) on the grounds that Claimant Haynes failed to file an answer within 10 days from the Court's denial of his motion to dismiss. Because Claimant Haynes failed to file an answer and the unchallenged facts constituted a legitimate cause of action, the Court, on May 21, 2007, entered default judgment as to Claimant Haynes in favor of the United States under Federal

2

Rule of Civil Procedure 55(b)(2).  *See* Mem. Op. and Order (Doc. 43) at 4.

On June 15, 2007, Claimant Haynes filed a motion to set aside the default judgment (Doc. 44, electronically filed on June 18, 2007), along with a Declaration by Claimant Haynes (Doc. 45) and a Declaration by California counsel Myrna Castanon (Doc. 46 electronically filed on June 18, 2007) in support of the motion.  Claimant Haynes asserts that neither he nor his California counsel were made aware of the Court's February 26, 2007 ruling, nor were they served with a copy of the order or with the United States' second motion for entry of default judgment, the proof of service of which shows an incorrect address for Claimant Haynes.  Claimant Haynes contends that local counsel, Mr. Martin Threet, has repeatedly failed to notify California counsel of developments in the case, although he acknowledges that Mr. Threet contacted California counsel, Ms. Myrna Castanon, in late April or early May 2007 to inform her that the United States had again moved for default judgment.  Finally, Claimant Haynes argues that he has a meritorious defense in that he was an innocent purchaser of an interest in the Property who had no notice or knowledge that the Property was subject to forfeiture.

The United States filed a response (Doc. 49, filed June 29, 2007), contending, first, that Claimant Haynes' California attorneys are not properly before the Court because they have not requested permission to practice *pro hac vice* and they, rather than local counsel, filed the motion. Second, the United States argues that Claimant Haynes and his counsel acted in a dilatory manner, because California counsel were properly served through local counsel, California counsel did not assure that their address accurately appeared on pleadings, and California counsel failed to use a PACER account as of January 2007.  Lastly, the United States asserts that Claimant Haynes' motion should be denied because he lacks a meritorious defense as a matter of law, because Claimant Haynes acquired his purported interest in the Property after the United States had filed a *lis pendens*

and after Birdie Crummie, the previous titled owner, informed Claimant Haynes that she was negotiating with the government to have the *lis pendens* lifted.

On June 29, 2007, the United States also filed a Motion for Final Judgment and Order of Forfeiture (Doc. 50). In support, the United States asserts that claimants Anthony Hasson and Birdie Crummie have filed disclaimers; the United States has reached settlement agreements with claimants First Federal Back of California and Wells Fargo Bank; the United States is entitled to default judgment against Claimant Haynes; and no further claims or parties remain. Claimant Haynes has not filed a response to the United States' motion for final judgment, and the deadline to respond to the motion has passed.

On July 16, 2007, Martin Threet filed a "Statement of Counsel" (Doc. 51). Mr. Threet clarified that in September 2006, he twice sent letters to Brett Rubin, one of Claimant Haynes' California attorneys, concerning Plaintiff's first motion for default judgment. On October 6, 2006, he sent a fax regarding the motion to Brett Rubin. Mr. Threet asserts that he never heard from Mr. Rubin and that none of his bills were paid. Mr. Threet further states that upon the filing of Plaintiff's second motion for default judgment, he called Mr. Rubin and left a message regarding the motion. On April 23, 2007, Mr. Threet finally reached "Myra" and faxed her the second motion for default judgment. Mr. Threet asserts that he sent Mr. Rubin another letter on May 25, 2007, stating that he had not heard anything from them, that his bills had not been paid, and that absent instructions and payment, he would withdraw. Mr. Threet states that, as of the date of his Statement, he has not heard from Mr. Rubin.

## II.   DISCUSSION

### A.   Motion to Set Aside Default Judgment

Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default judgment

4

in accordance with Rule 60(b).  As relevant here, Rule 60(b) allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1) & (b)(6).  The Tenth Circuit has adopted three requirements that the moving party must establish in order to justify setting aside a default judgment under Rule 60(b): "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993).  The culpability requirement will generally only be met if the party defaulted willfully or has no excuse for the default. *Id.*

### 1.    No Excusable Neglect

The Court has serious doubts as to whether Claimant Haynes has shown that his culpable conduct did not cause the default.  Although Claimant Haynes sets forth various reasons why he and his California attorneys did not file a timely answer or respond to the United States' second motion for default judgment, the excuses seem to merely show neglect rather than excusable neglect. Claimant Haynes and his California attorneys were aware of the case and had secured local counsel. California counsel, however, did not respond to local counsel's many efforts to contact them to get guidance as to how to respond to the United States' first motion for default judgment.   Although there may have been a mistake as to Mr. Rubin's address that explained his failure to communicate, California counsel's efforts to stay informed and in communication with local counsel were severely lacking.  Claimant Haynes asserts that his California counsel has been unable to access case documents electronically, but New Mexico adopted the electronic PACER system in January 2007. California counsel thus could have accessed the documents in this case on their own, without the need to use local counsel, through the PACER system well before the Court entered its February 26,

5

2007 ruling.  Additionally, California counsel offers no reason to explain Claimant Haynes' failure to respond to the United States' second motion for default judgment, even though they became aware of the pending motion in late April or early May 2007, and the Court did not enter default judgment until May 21, 2007.  Based on the record, the Court is inclined to find that Claimant Haynes does not have a legitimate excuse to explain his neglect that led to the entry of default judgment in this case.  The Court, however, need not definitively resolve whether Claimant Haynes has established that he is not culpable for the default judgment, because Claimant Haynes also cannot meet the latter two requirements necessary to set aside the default judgment.

## 2.     No Meritorious Defense

To set aside a default judgment, Claimant Haynes must be able to demonstrate that he has a meritorious defense.  Claimant Haynes argues that he is an innocent owner.  As to this defense, the claimant has the burden of proving that he is an innocent owner by a preponderance of the evidence.  *See* 18 U.S.C. § 983(d)(1); *United States v. 16328 South 43rd East Ave.*, 275 F.3d 1281, 1284-85 (10th Cir. 2002) (describing innocent owner defense as affirmative defense); *United States v. Lot Numbered One (1) of Lavaland Annex*, 256 F.3d 949, 956 (10th Cir. 2001).  Where the claimant acquired the property interest after the conduct giving rise to the forfeiture has taken place, the claimant must show that, at the time he acquired the property, (1) he was a bona fide purchaser or seller for value, and (2) he did not know and was reasonably without cause to believe that the property was subject to forfeiture.  *See* 18 U.S.C. § 983(d)(3)(A).  Bare denials of knowledge, such as where a defendant's alleged ignorance amounts to willful blindness or where an owner's claims of ignorance are inconsistent with the uncontested facts, are insufficient to create a genuine triable issue.  *United States v. 16328 South 43rd East Ave.*, 275 F.3d 1281, 1285 (10th Cir. 2002).

Claimant Haynes cannot establish the innocent owner defense, because he acquired his

alleged interest in the Property after the United States recorded the lis pendens, and thus, he had

constructive knowledge of the United States' interest in the Property.  In a strikingly similar case,

the Ninth Circuit held that a mortgage company was not a bona fide purchaser under California law

where it did not acquire its secured interest in the property until after the government's lis pendens

was filed, recorded, and indexed.  *See United States v. $3,124,977.28 in U.S. Currency*, 2007 WL

1814329 (9th Cir. June 22, 2007) (unpublished opinion).  The Ninth Circuit explained its reasoning

as follows:

> California law defines a bona fide purchaser for value as one who has (1) given value
> (2) in good faith (3) without actual or constructive notice of another's rights.  Under
> California law, a properly recorded and indexed lis pendens provides parties who
> subsequently acquire an interest in the property with constructive notice of the
> interest reflected in the lis pendens.  Here, the government's lis pendens was filed,
> recorded, and indexed by July 30, 2003. New Century did not acquire its secured
> interest until August 14, 2003, over two weeks later, and therefore indisputably had
> constructive notice of the government's competing and superior interest in the
> property.  Given that it had constructive notice, New Century cannot qualify as a
> bona fide purchaser and, consequently, is not an innocent owner under 18 U.S.C.
> § 983(d).

*Id.* at *1 (internal quotations, citations, and footnote omitted).

In this case, the United States recorded a lis pendens against the Property in the County of

San Bernardino on July 28, 2005.  *See* Pl.'s Resp. to Def.'s Mot. to Dismiss (Doc. 33), Attachment

1.  The lis pendens expressly stated that the United States was seeking the forfeiture of the Property.

*See id.*  It was not until September 8, 2005, more than a month later, that Claimant Haynes allegedly

acquired an interest in the Property.  Because the lis pendens had already been filed and recorded

at the time he entered into the All Inclusive Trust Deed, Claimant Haynes had constructive notice

of the United States' interest in the Property.  *See id.*; *In re Strom*, 921 F.2d 836, 840 (8th Cir. 1991)

("The lis pendens gives notice of the lien to any subsequent purchaser and prevents that purchaser

from being a bona fide purchaser who can avoid the lien."); *United States v. 392 Lexington Parkway*

*South*, 386 F.Supp.2d 1062, 1071 (D. Minn. 2005) ("The Government's notice of lis pendens provided notice to Claimants as a matter of law that the property was subject to forfeiture.  Under Minnesota law, a properly recorded notice of lis pendens gives constructive notice from the date it is filed.  Accordingly, because Claimants' ownership interest in the Torrens portion of the property arose after the Government filed its notice of lis pendens, they are not innocent owners under CAFRA as to that portion of the property.") (internal citations omitted).

Moreover, Claimant Haynes admits that, before he entered into a deed for the Property, Birdie Crummie informed him of her belief that the United States had filed a lis pendens against the Property.  That Ms. Crummie also may have told him that the United States' claim was without merit and that she and her attorney were going to clear up the matter shortly does not negate the fact that Ms. Crummie informed him of the United States' interest in the Property.  Ms. Crummie clearly had a financial interest in minimizing the significance of the forfeiture proceedings, and Claimant Haynes should have conducted a thorough investigation of the lis pendens before acquiring the deed.  The Court recognizes that Claimant Haynes avers that he "conducted a title search" and "was told verbally over the phone that there was not a Lis Pendens showing at that time."  *See* Declaration of Claimant Haynes (Doc. 45) at 2.  Claimant Haynes, however, offers no details as to what this "title search" entailed, which in any event, was clearly insufficient to discover the recorded lis pendens.  Nor does he contend that the United States did not properly file or record the lis pendens.  Claimant Haynes further has not provided the Court with any authority indicating that he would prevail under the innocent owner defense with these facts.

While not unsympathetic to Claimant Haynes' plight, the Court cannot avoid the fact that Claimant Haynes had constructive knowledge of the forfeiture and had reasonable cause to believe that the Property was subject to forfeiture.  For the foregoing reasons, Claimant Haynes cannot

demonstrate that he did not know and was reasonably without cause to believe that the property was subject to forfeiture. Claimant Haynes is therefore not an innocent owner within the meaning of 18 U.S.C. § 983(d) as a matter of law, and thus, does not have a meritorious defense that would entitle him to set aside the default judgment.

### 3.   Prejudice

Furthermore, to set aside the default judgment, Claimant Haynes must also establish that the non-moving party will not be prejudiced by setting aside the judgment. In this case, all the potential claimants who have declared an interest in the property have either subsequently disclaimed such an interest or reached a settlement agreement with the United States. The Property is therefore ripe for final disposition and sale, and further delays by Claimant Haynes may decrease the equity available to the United States. Claimant Haynes has thus not met his burden to demonstrate that the United States will not be prejudiced by setting aside the default judgment. Accordingly, the Court will deny Claimant Haynes' motion to set aside the default judgment.

### B.   Motion for Final Judgment

Default judgment as to Claimant Haynes has been entered in favor of the United States, and the Court will not set aside that judgment. The United States has entered settlement agreements with claimants First Federal Bank of California and Wells Fargo Bank. Anthony Hasson and Birdie Crummie have filed disclaimers, disclaiming any right, title, or interest in the Property. No further claims remain for adjudication and there are no other parties with standing to object to the motion. The Court will therefore grant the United States' motion for final judgment.

**IT IS THEREFORE ORDERED** that

1.   Claimant Tracy A. Haynes' Notice of Motion and Motion to Set Aside Default Judgment [FRCP 60] (Doc. 44) is **DENIED**; and

2.      The United States' Motion for Final Judgment and Order of Forfeiture (Doc. 50)

is **GRANTED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE